ILLINOIS STEEL COMPANY, Appellant, vs. BILOT and wife, Respondents.

*February 11—March 2, 1915.*

*Adverse possession: Execution of lease: Evidence: Questions for jury..*

1. In an action of ejectment the evidence is *held* sufficient to go to the jury upon the question of adverse possession by defendant.
2. Although defendant's testimony upon the question whether he executed a written lease, by the terms of which plaintiff leased the premises in dispute to him, was unsatisfactory and even incredible in some parts, yet upon the whole evidence that question also was one for the jury.

APPEAL from a judgment of the circuit court for Milwaukee county: F. C. ESCHWEILER, Circuit Judge. *Affirmed.*

This is an appeal from a judgment for the defendants in an action of ejectment brought by the plaintiff to recover an irregular shaped lot on "Jones Island" in the city of Milwaukee. The plaintiff showed that it possessed record title and the defendants claimed to have acquired title by adverse possession. The case was in this court upon a previous appeal (109 Wis. 418, 84 N. W. 855, 85 N. W. 402), when a judgment for the plaintiff upon a directed verdict was reversed and the action remanded for a new trial. Upon the present trial a written lease was introduced in evidence purporting to be signed by the defendant *Bilot,* by the terms of which the plaintiff leased the premises in dispute to him in July, 1887. The execution of this lease was denied by the defendant.

A special verdict was returned by the jury to the effect (1) that the paper title to the premises is in the plaintiff; (2) that the defendants and their predecessors in title have usually cultivated and improved the premises for twenty years before the commencement of this action; (3) that such possession was actual, open, notorious, exclusive, and continuous, and reasonably sufficient to attract the attention of the

true owner and put it upon inquiry; (4) that the defendant *Bernard Bilot* did not execute the lease claimed by the plaintiff; (5) that the defendants were in possession of the property at the time of the commencement of this action. Judgment for the defendants was rendered upon the verdict.

The cause was submitted for the appellant on the briefs of *Theodore Kronshage, Jr., John H. Paul,* and *John W. McMillan,* and for the respondents on that of *Fiebing & Killilea,* attorneys, and *H. J. Killilea* and *Moritz Wittig,* of counsel.

WINSLOW, C. J.    Two contentions are made, viz.: (1) that the testimony is insufficient to establish adverse possession, and (2) that the testimony of the defendant to the effect that he did not execute the lease is perjured and incredible.

As to the first proposition, we shall simply say that an examination of the evidence satisfies us that there was sufficient evidence to go to the jury on the question of adverse possession under the rules laid down in the opinion on the former appeal in this action. *Ill. S. Co. v. Bilot,* 109 Wis. 418, 84 N. W. 855, 85 N. W. 402.    It is not considered that it would be profitable to set forth either in detail or in condensed form the testimony on the subject.    Any attempt to do so adequately would well-nigh fill a volume.

As to the second contention we have had more doubt.    It must at once be admitted that the testimony of *Bilot* is in many particulars uncertain, contradictory, and unsatisfactory. He denies that he can read or write and yet his name appears signed to the verifications of the original answer and three amended answers filed in the action, as well as to the undertaking upon the former appeal, and in none of these instances is there any statement or indication that he signed by mark. But, on the other hand, his supposed signature attached to his deposition, taken as an adverse witness in the case, has a cross before it as if it had been signed by another and as if the defendant had touched the pen to make the cross and this

signature is very similar to some of the other signatures where no cross appears. It is also to be noted that in the signature to the lease the name *Bilot* is spelled with one "l," while in all of the other signatures it is spelled with two. Again, there is a cross before this latter signature, indicating apparently that the name was not written by the defendant himself in any event. Now if there were an acknowledgment to the lease, or if there were positive testimony by any credible witness that he saw *Bilot* sign the lease, or knows his handwriting and identifies the signature as his, there would be much greater force in the appellant's contention, but there is neither. Mr. Otjen, who procured the execution of this and a large number of other leases nearly thirty years ago, only testifies that he thinks the signature is *"Bilot's* signature," but he had no distinct recollection of the man, or of having talked with him at any time, nor could he describe him. Evidently Mr. Otjen never knew the defendant and knew nothing of his handwriting, and testified that it was *Bilot's* signature principally because he recognized the paper and felt convinced that he must have had reason to believe at the time that the person who signed the paper was *Bilot.* So we have, on one side, only the signature, differing in one radical respect from every other supposed signature, not acknowledged nor positively identified by any witness as the signature of *Bilot,* and the positive denial of it by *Bilot,* on the other. Granted that *Bilot's* testimony is unsatisfactory and even not to be believed in some particulars, can this court say that the case should have been taken from the jury? We think not. The charge is not preserved in the bill of exceptions and hence it must be presumed that the jury were correctly instructed on the law of the case. The trial court overruled the motion for a new trial in a carefully considered opinion, and we do not feel it our duty to reverse that ruling.

*By the Court.*—Judgment affirmed.

Barnes, J., dissents.